IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY ALLEN, <br> CEDRICK CALLEGARI, <br> KERMECIA FAULKNER, <br> and BERNADETTE GREEN, <br> Individually and on Behalf of all <br> Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> FUSION AUTOPLEX LLC <br><br> Defendant. | § § § § § § § § § § § § § § § § § | Civil Action No. <br><br><br> COLLECTIVE ACTION <br> (JURY TRIAL) |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Cedrick Callegari, Kermecia Faulkner, and Bernadette Green (collectively, "Plaintiffs") on behalf of themselves and all others similarly situated file this Original Complaint against Defendant Fusion Autoplex LLC ("Defendant" or "Fusion"), and in support thereof would show as follows:

**I. INTRODUCTION**

1. Plaintiffs, bring this action to recover unpaid wages, overtime compensation, litigation expenses, expert witness fees, attorney's fees, costs of court, pre-judgment and post-judgment interest, liquidated damages, applicable penalties, and all other available remedies under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq. ("FLSA").

1

2.	Plaintiffs bring this action as an opt-in collective action pursuant to § 216(b) of the FLSA. This collective action consists of current and former employees who worked for Defendant who in the three years preceding the filing of this suit were misclassified as independent contractors and were not paid overtime compensation at time and one half for hours they worked over 40 in a work week in violation of the FLSA and whose job duties included performing manual labor construction tasks (referred to herein as a "laborer").

## JURY DEMAND

3.	Plaintiffs and all others similarly situated demand a jury trial.

## II. PARTIES

A. PLAINTIFFS

4.	At all relevant times, Plaintiffs were employed by Defendant within the meaning of the FLSA as laborers. Each Plaintiffs' Notice of Consent to join the collective action is attached hereto and is being filed herewith.

5.	Plaintiff Cedrick Callegari is a former employee of Defendant, as defined by 29 U.S.C. § 203(e), and all other applicable statutes and regulations. Mr. Callegari has been employed by Defendant since October 23, 2015 as a full time manual laborer. Mr. Callegari is a Porter for Defendant.

6.	Plaintiff Kermecia Faulkner is a former employee of Defendant, as defined by 29 U.S.C. § 203(e), and all other applicable statutes and regulations. Ms. Faulkner was employed by Defendant from August to October 2015 as a full-time

manual laborer. Ms. Faulkner was immediately terminated upon demanding that she be adequately compensated for her overtime work and paid minimum wage. Ms. Faulkner was a Porter for Defendant.

7. Plaintiff Bernadette Green is a former employee of Defendant, as defined by 29 U.S.C. § 203(e), and all other applicable statutes and regulations. Ms. Green was employed by Defendant from July 23, 2015 to January 9, 2016 as a full-time manual laborer. Ms. Green was a Porter for defendant.

8. The collective action members are those current and former employees of Defendant similarly situated to the Plaintiffs as set forth herein.

**B. DEFENDANT**

9. Defendant Fusion Autoplex LLC is a Texas Corporation that conducts business in the State of Texas and in this District. Pursuant to Fed. R. Civ. P. 4(e)(1), service can be effected according to the law of the state where this District Court is located, Texas. Fusion Autoplex LLC has been served by serving its owner: Ali Alshrouf, 8408 Highway 6 South, Houston, Texas 77083.

10. Defendant is engaged in interstate commerce with an annual volume of sales of not less than $500,000.

11. At all relevant times to this action, Defendant was the employer of Plaintiffs and all others similarly situated within the meaning of 29 U.S.C. § 203(d) and

3

constitutes an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

12. Fusion Autoplex LLC controlled all aspects of Plaintiffs' and the collective action members' employment including, but not limited to, determining all aspects of Plaintiffs' work duties and responsibilities; the days and times Plaintiffs and the collective action members were to report to work; the manner in which the Plaintiffs and collective action members performed their work; the tools Plaintiffs and all other similarly situated laborers used to complete their work; Plaintiffs' and the collective action members' hourly rate of pay; and the manner in which Plaintiffs and the collective action members would receive their wages.

13. Defendant Fusion Autoplex LLC, without the support of Plaintiffs or the collective action members, invested its resources into its used car dealership.

14. Plaintiffs and the collective action members had no control as to the amount of profit they could make. Plaintiffs and the collective action members did not control their hourly rate; they did not have the power to accept or reject projects at the used car dealership; and they did not control business costs including, but not limited to, tools and supplies.

15. Fusion Autoplex LLC possessed control over the amount of profit Plaintiffs and all other similarly situated laborers could make because Defendant controlled the Plaintiffs' and collective action members' hourly rate; the delegation of job duties; and business costs including, but not limited to, tools and supplies.

16. Plaintiffs and all others similarly situated performed manual labor as Porters during the relevant time period that required little skill.

17. Plaintiffs and all others similarly situated considered themselves permanent employees of Defendant whose employment was not defined by any particular length of time.

18. Plaintiffs and all others similarly situated were economically dependent upon Defendant, and Plaintiffs and all others similarly situated were never in business for themselves.

### III. JURISDICTION AND VENUE

19. Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

20. Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. §§ 1391(a)(2) and 1391(b), because among other reasons, Defendant is doing business in this district and division; each of the Plaintiffs worked for Defendant in this district and division; and a substantial part of the events giving rise to the claim occurred in this district and division.

### IV. FACTUAL BACKGROUND

21. Fusion Autoplex LLC is a used car dealership selling mostly high-end luxury vehicles.

5

22. At all times relevant to this action, Defendant has been subject to the requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

23. Plaintiffs' primary job duty was to perform manual labor while employed by Defendant.

24. The operations of Defendant's work site, and the wages and compensation of Plaintiffs and those similarly situated non-exempt laborers at Defendant's work site, are substantially similar, if not identical.

25. During the relevant time period, Plaintiffs engaged in non-exempt work involving various manual labor duties including, but not limited to, starting cars to make certain that they were running, making certain that the cars had no flat tires, putting air in the flat tires of vehicles, washing cars, replacing brake fluid, and replacing washer fluid.

26. Plaintiffs were paid on an hourly basis by Defendant.

27. Plaintiffs were not paid a salary by Defendant.

28. Plaintiffs and the putative collective action members have collectively cleaned, washed, and performed minor maintenance work on hundreds of Defendant's vehicles.

29. Defendant failed to maintain and keep proper records. Said conduct of defendant is in violation of 29 Code of Federal Regulations Part 516. Specifically, Defendant failed to maintain records reflecting the time and day of week when employee's workweek begins, the hours worked each day, total hours worked each workweek, the basis on which employees wages are paid, regular hourly pay rate, total

6

daily or weekly straight time earnings, and the total overtime earning for the workweek. Defendant also violated 29 CFR 516 by failing to maintain payroll records for three years and failing to maintain records on which wage computations (i.e. time cards, work and time schedules, and records of hours worked) are based for two years. Defendant also failed to maintain a timekeeping mechanism or plan in violation of 29 CFR 516.

30. Plaintiffs were entitled to be paid overtime compensation at a rate of one and one- half their regular rate of pay for all hours worked in excess of 40 hours per workweek.

31. Defendant's workweek is Monday through Sunday each calendar week.

32. Plaintiffs regularly worked more than 40 hours during the work weeks within the relevant time period without receiving any overtime compensation owed at time and one-half their regular rate of pay.

33. Defendant did not pay Plaintiffs any overtime wages.

34. Plaintiffs were regularly scheduled to work six days a week, and on occasion, seven days a week.

35. Plaintiffs worked at least 10 hours a day, sometimes more, performing manual labor at Defendant's car dealership. The overtime hours Plaintiffs worked came from working more than five days a week and/or working more than eight hours in a day.

36. Plaintiff Bernadette Green worked 9:00am 7:00pm Monday through Friday and 9:00am to 5:00pm Saturdays for a total of 58 hours per week beginning July

7

23, 2015 and ending January 9, 2016. Defendant paid Plaintiff $400 per week which is less than minimum wage, and did not pay Plaintiff time and a half for her overtime hours.

37. Defendant did not pay Plaintiff Bernadette Green overtime compensation at time and one half Plaintiff Green's regular rate of pay for the 18 hours of overtime she worked weekly beginning July 23, 2015 and ending January 9, 2015.

38. Plaintiff Kermecia Faulkner worked 9:00am 7:00pm Monday through Friday and 9:00am to 5:00pm Saturdays for a total of 58 hours per week beginning August, 2015 and ending October, 2015. Defendant paid Plaintiff $400 per week which is less than minimum wage, and did not pay Plaintiff time and a half for her overtime hours.

39. Defendant did not pay Plaintiff Kermecia Faulkner overtime compensation at time and one half Plaintiff Faulkner's regular rate of pay for the 18 hours of overtime she worked weekly beginning August, 2015 and ending October, 2015.

40. Plaintiff Cedrick Callegari worked 9:00am 9:00pm Monday through Saturday for a total of sixty-six (72) hours per week from October 23, 2015 until his termination date. Defendant paid Plaintiff $400 per week which is less than minimum wage, and did not pay Plaintiff time and a half for his overtime hours.

41. Defendant did not pay Cedrick Callegari overtime compensation at time and one half Plaintiff Callegari's regular rate of pay for the 32 hours of overtime he worked weekly from October 23, 2015 until his termination.

8

42. Defendant failed to pay Plaintiffs and all others similarly situated overtime compensation at time and one-half their regular rates of pay for all hours worked over forty hours in workweeks during the relevant time period. Defendant also failed to minimum wage to similarly situated workers.

43. Plaintiffs and all other similarly situated laborers should be paid overtime compensation at one and one-half times their regular rate of pay for all hours worked over 40 hours per workweek.

44. Like Plaintiffs, Defendant misclassified all other similarly situated laborers and failed to pay them overtime compensation at a rate of time and one-half their regular rates of pay for all hours worked in excess of 40 hours in a workweek.

45. Plaintiffs and all others similarly situated were compensated less than minimum wage on an hourly basis by Defendant.

46. Plaintiffs and all others similarly situated were not paid a salary for work performed as laborers.

47. Plaintiffs and all other similarly situated laborers are non-exempt workers under the FLSA.

48. Plaintiffs and all others similarly situated laborers were not independent contractors.

49.     No exemption excuses Defendant from paying Plaintiffs and all others similarly situated overtime compensation for all hours worked over 40 in a workweek and minimum wage for hours worked less than 40 in a workweek.

50.     While employed by Defendant, Plaintiffs and the other similarly situated laborers recorded over 40 hours in a workweek, but were not paid overtime compensation at a rate of time and one-half for all hours in excess of 40 in a workweek.

51.     During the workweeks in which Plaintiffs and those similarly situated laborers worked more than 40 hours in a workweek, Defendant failed to compensate them at a rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a workweek and failed to compensate them at minimum wage for 40 hours or less worked during a workweek.

52.     Defendant failed to comply with the FLSA in that Plaintiffs and others similarly situated performed services for Defendants, and they were not legally compensated for all hours worked.

53.     Defendant misclassified Plaintiffs and all others similarly situated in order reduce Defendant's labor and payroll costs and to avoid state and federal labor laws including the FLSA.

54.     The conduct of Defendants, as set out above, has been willful and in bad faith, and has caused significant damages to Plaintiffs and those similarly situated.

55. Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation and minimum wages. Plaintiffs and those similarly situated laborers are entitled to liquidated damages for such conduct.

56. Plaintiffs and all others similarly situated were subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of overtime compensation and minimum wage. As a result of Defendant's improper and willful failure to pay Plaintiffs in accordance with the requirements of the FLSA, Plaintiffs and all others similarly situated suffered lost wages and other damages.

57. Plaintiffs and the putative collective action members are similarly situated in that they were all misclassified as independent contractors under the FLSA.

## V. COLLECTIVE ACTION ALLEGATIONS

58. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

59. Plaintiffs are members of the Class they seek to represent because they were employed by Defendant during the relevant period, they were misclassified as independent contractors, they were routinely suffered or permitted to work more than 40 hours per workweek and were not paid overtime compensation for all hours worked over 40 hours in a workweek nor were they paid minimum wage for hours less than 40 per workweek.

60. Other laborers have been victimized by this pattern, practice, and policy of Defendant that is in violation of the FLSA as described above. Plaintiffs are aware that the illegal practices and policies of Defendant have been imposed on other workers.

61. Other similarly situated laborers have been misclassified as independent contractors by Defendant and have been denied their lawful wages. Accordingly, Defendant's pattern or practice of misclassifying its labors as independent contractors and failing to pay them overtime pay (at time and one-half) for all hours worked over 40 in a workweek and minimum wage as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of Plaintiffs and those similarly situated.

62. Plaintiffs and all others similarly situated shared common job duties and responsibilities as laborers including performing a variety of manual labor construction tasks.

63. Plaintiffs' experiences are typical of the experience of Defendant's other non- exempt laborers.

64. Plaintiffs files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).

65. During Plaintiffs' employment, they routinely worked well in excess of 40 hours per week. Even though Plaintiffs and all others similarly situated worked well in excess of 40 hours per week, Defendant has failed to pay Plaintiffs and all others

similarly situated for those hours worked in excess of 40 per week at a rate of one and one-half their regular rates of pay.

66.     Plaintiffs and all others similarly situated were regularly scheduled to work six days a week, and on occasion, seven days a week.

67.     Plaintiffs and all others similarly situated worked approximately 10 to 12 hours a day, sometimes more, performing manual labor at scheduled job sites. The overtime hours that Plaintiffs and the similarly situated laborers worked came from working more than five days a week and/or working more than eight hours in a day.

68.     Plaintiffs bring these claims on their own behalf and on behalf of all other similarly situated laborers who have been misclassified as independent contractors and who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

69.     Plaintiffs request that Defendant fully identify all other similarly situated laborers in order that proper notice of their right to consent to participation in this collective action may be sent.

70.     Plaintiffs seek to represent those similarly situated laborers who have provided consent in writing to join this action as required by 29 U.S.C. § 216(b).

71.     Plaintiffs will fairly and adequately represent and protect the interests of those who are similarly situated.

72. Plaintiffs have retained the undersigned counsel to represent them in this action pursuant to 29 U.S.C. § 216(b). Plaintiffs have retained counsel competent and experienced in complex employment matters and collective actions.

### VII. CAUSES OF ACTION

73. Plaintiffs assert the following causes of action individually and behalf of those similarly situated laborers as defined herein.

#### FIRST CAUSE OF ACTION
#### VIOLATIONS OF THE FLSA

74. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

75. Plaintiffs are filing their individual notices of consent contemporaneously herewith and each notice of consent is incorporated herein.

76. Plaintiffs and all others similarly situated are non-exempt employees who were misclassified by Defendant as independent contractors.

77. Plaintiffs and all others similarly situated are entitled to overtime pay at a rate of time and one-half their regular rate of pay for all hours in excess of 40 hours worked during each workweek during the relevant time period.

78. Plaintiffs and all others similarly situated were regularly scheduled to work six days a week, and on occasion, seven days a week.

79. Plaintiffs and all others similarly situated worked approximately 10 to 12 hours a day, sometimes more, performing manual labor at Fusion Autoplex LLC. The overtime hours Plaintiffs and the putative collective action members worked came from working more than five days a week and/or working more than eight hours in a day.

80. Defendant has violated 29 U.S.C. § 201 et seq. by failing to pay Plaintiffs and all other similarly situated laborers overtime compensation at a rate of time and one-half for all hours worked and recorded in excess of 40 hours per workweek.

81. Defendant has not made a good faith effort to comply with the FLSA.

82. In further violation of the FLSA, Defendant has failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiffs and by all other similarly situated employees.

83. No exemption excused Defendant from paying Plaintiffs and all others similarly situated overtime compensation for all of the hours worked over 40 per workweek.

84. Rather, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding the classification of Plaintiffs and all others similarly situated under the FLSA and the compensation owed to Plaintiffs and to all other similarly situated laborers.

85. Plaintiffs and all others similarly situated seek all unpaid wages, overtime compensation and an additional equal amount as liquidated damages, as well as

reasonable attorneys' fees, litigation expenses, expert fees and costs as provided for by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law through the date of any judgment in this matter.

**Second Cause of Action**
**Violations of 29 CFR 516**

86. Defendant failed to maintain and keep proper records. Said conduct of defendant is in violation of 29 Code of Federal Regulations Part 516. Specifically, Defendant failed to maintain records reflecting the time and day of week when employee's workweek begins, the hours worked each day, total hours worked each workweek, the basis on which employees wages are paid, regular hourly pay rate, total daily or weekly straight time earnings, and the total overtime earning for the workweek. Defendant also violated 29 CFR 516 by failing to maintain payroll records for three years and failing to maintain records on which wage computations (i.e. time cards, work and time schedules, and records of hours worked) are based for two years. Defendant also failed to maintain a timekeeping mechanism or plan in violation of 29 CFR 516.

**PRAYER**

WHEREFORE Plaintiffs and all collective action members seek the following:

a. an order preliminarily and permanently restraining and enjoining Defendant from engaging in the aforementioned pay violations;

b. damages and restitution for all unpaid wages (including fringe benefits and bonuses), unpaid overtime compensation (at time and one-half their regular rates of pay), and other injuries;

c. liquidated damages;

d. all applicable penalties for the violations set forth herein;

e. an award of reasonable attorney's fees, litigation expenses, expert fees and costs incurred in vindicating the rights of Plaintiffs and all those similarly situated;

f. an award of pre-judgment and post-judgment interest at the highest rate permitted by law; and

g. such other and further relief, at law or in equity, as this Court deems just and appropriate.

Dated: November 8, 2016

Respectfully submitted,

THE FOLEY LAW FIRM
By: /s/ Taft L. Foley II
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com

**PLAINTIFF'S ATTORNEY**