United States District Court
Southern District of Texas
**ENTERED**
March 31, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY ALLEN, CEDRICK CALLEGARI KERMICIA FAULKNER, and BERNADETTE GREEN, Individually and on Behalf of all Others Similarly Situated, | § § § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. H-16-0833 |
| v. | § § § | |
| FUSION AUTOPLEX LLC, | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Rodney Allen, Cedrick Callegari, Kermicia Faulkner, and Bernadette Green, bring this collective action against defendant, Fusion Autoplex LLC, for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Pending before the court is Plaintiffs' Traditional and No Evidence Motion for Summary Judgment ("Motion for Summary Judgment") (Docket Entry No. 26). For the reasons explained below, the motion will be granted in part and denied in part.

### I. Undisputed Facts

The parties do not dispute that plaintiffs Allen, Callegari, and Faulkner either are or were employed by Defendant as Porters.[1]

---

[1] See Deposition of Ali Alshrouf (Defendant's corporate
(continued...)

Defendant verbally assigned Plaintiffs weekly, 40-hour work schedules.[2] Defendant paid Plaintiffs hourly rates ranging from $10.00 to $11.25 per hour.[3] Plaintiffs were not required to record the hours they actually worked, and Defendant did not maintain any records of its own.[4]

## II. Standard of Review

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment. Fed. R. Civ. P. 56(c). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

---

[1](...continued)
representative), Exhibit D to Plaintiffs' Motion for Summary Judgment, Docket Entry No. 26-4, 64:21-65:13.

[2]Defendant Fusion Autoplex LLC'S Answers to Plaintiffs' Request for Admissions, First Interrogatories, and First Request for Production, Exhibit A to Plaintiffs' Motion for Summary Judgment, Docket Entry No. 26-1, p.3, ¶ 4.

[3]Id. at 2, ¶ 3.

[4]Id. at 2-3, ¶ 3; Alshrouf Deposition, Docket Entry No. 26-4, 24:20-25:17.

essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc), (quoting Celotex, 106 S. Ct. at 2553-54). If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Id. (citing Celotex, 106 S. Ct. at 2553-2554). In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000). Factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

### III. Analysis

#### A. Applicable Law

Plaintiffs seek to hold Defendant liable for violation of the overtime provision of the FLSA. This provision requires employers to pay one and one-half times employees' regular rate for all hours worked in excess of forty hours per week. 29 U.S.C. § 207(a). In order to prevail on their claim for unpaid overtime, Plaintiffs must prove by a preponderance of the evidence: (1) the existence of an employment relationship; (2) that they were engaged in commerce or employed by an enterprise engaged in commerce; (3) that Defendant failed to pay them overtime required by the FLSA; and (4) that they are owed the amount claimed by a just and reasonable inference. Id.; see also Harvill v. Westward Communications, L.L.C., 433 F.3d 428, 439 (5th Cir. 2005).

#### B. Application of the Law to the Facts

Plaintiffs seek summary judgment on four issues: (1) Were Plaintiffs Callegari and Faulkner Non-Exempt Employees?; (2) Were Plaintiffs Callegari and Faulkner denied payment for overtime hours worked?; (3) Were Fusion Autoplex LLC's actions towards Cederick Callegari and Kermecia Faulkner such gross violations of the FLSA's provisions that an award of liquidated damages is mandated?; and (4) Is there any evidence in support of an affirmative defense that Plaintiffs' claims are barred by the statute of limitation? Defendant does not address the first issue

in its Response, and the court concludes that there is no genuine issue of material fact as to Plaintiffs' non-exempt status.

Plaintiffs assert as "undisputed" the fact that they worked fifty (50) to sixty (60) hours per week.[5] In support of this allegation, Plaintiffs offer the deposition testimony of plaintiff Allen[6] and handwritten time records purporting to show the actual hours Plaintiffs worked. Defendant argues that the handwritten time records are inadmissible hearsay. The court agrees. The comments to Rule 56 state that "a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56., Advisory Committee Notes, 2010 Amendment. "The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Id. Plaintiffs have offered no reply in support of the admissibility of the handwritten records.

Assuming arguendo that the records are admissible, neither the records nor Allen's testimony conclusively proves that Defendant "employed" Plaintiffs during those hours.[7] Ali Alshrouf, Defendant's corporate representative, testified in his deposition that Plaintiffs were only scheduled for 40 hours per week and that

---

[5] Plaintiffs' Motion for Summary Judgment, Docket Entry No. 26, p. 13, ¶ 13.

[6] Deposition of Rodney Allen, Exhibit E to Plaintiffs' Motion for Summary Judgment, Docket Entry No. 26-5, 21:16-20.

[7] The FLSA defines "employ" as including "to suffer or permit to work." 29 U.S.C. § 203(g).

he was not aware of any of the Plaintiffs working more than the scheduled number of hours.[8]  "[A]n employer's actual or imputed knowledge that an employee is working is a necessary condition to finding the employer suffers or permits that work." Chao v. Gotham Registry, Inc., 514 F.3d 280, 287 (2d Cir. 2008) (citations omitted).  Alshrouf's deposition testimony creates a factual controversy as to Defendant's knowledge.  For summary judgment purposes the court must resolve such factual controversies in favor of the nonmovant.  The court therefore concludes that Plaintiffs have not met their summary judgment burden to prove that they were denied payment for overtime hours worked.  As a result, it would be premature to address the issue of liquidated damages.

Plaintiffs also seek summary judgment as to Defendant's affirmative defense of limitations.  Plaintiffs style their motion as a "no-evidence" motion for summary judgment and reference Texas Rule of Civil Procedure 166a.  A no-evidence motion for summary judgment, however, is a pleading that may be filed in state court, not federal court.  Bank of America, N.A. v. Fulcrum Enterprises, LLC, 20 F. Supp. 3d 594, 602 (S.D. Tex. 2014) (citing Castaneda v. Flores, Civil Action No. 5:05-CV-129, 2007 WL 1671742, at *2 (S.D. Tex. June 8, 2007)).  The court will therefore continue to apply the Rule 56 standards stated above.

---

[8]Alshrouf Deposition, Docket Entry No. 26-4, 75:20-78:15.

An action to recover unpaid overtime compensation "may be commenced within two years after the cause of action accrued . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued . . . ." 29 U.S.C. § 255(a). The longer, three-year period applies if Defendant "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 108 S. Ct. 1677, (1988); Reich v. Bay, Inc., 23 F.3d 110, 117 (5th Cir. 1994). Conduct that is merely negligent or unreasonable, however, does not rise to the level of a "willful" violation. See Mireles v. Frio Foods, Inc., 899 F.2d 1407, 1416 (5th Cir. 1990). Plaintiffs have the burden of establishing willful conduct by the Defendants. Cox v. Brookshire Grocery Co., 919 F.2d 354, 356 (5th Cir. 1990).

Plaintiffs cite Alshrouf's deposition testimony as evidence that Defendant "knew of the act, but failed to make adequate inquiry into whether its conduct was in violation of the act."[9] The cited testimony shows (1) that Alshrouf knew that the law required him to pay employees overtime if they worked overtime and (2) that Alshrouf had heard of the FLSA but did not know "every bit of it."[10] It does not show that Alshrouf was either engaged in or aware of conduct that violated the FLSA. Plaintiffs offer no other

---

[9]Plaintiffs' Motion for Summary Judgment, Docket Entry No. 26, p. 23, ¶ 28 (citing Alshrouf Deposition, Docket Entry No. 26-4, 70:21-24, 71:4-10.)

[10]Alshrouf Deposition, Docket Entry No. 26-4, 70:21-24, 71:4-10.

evidence that any alleged violation was willful. Moreover, until Plaintiffs prove that there was a violation, it would be inappropriate to decide whether some hypothetical violation was willful. Summary judgment will therefore be denied as to limitations.

## IV. Conclusion and Order

For the reasons stated above, the court concludes that Plaintiffs have proven that there is no genuine issue of material fact as to whether Plaintiffs were non-exempt employees of Defendant. But Plaintiffs have not met their summary judgment burden on any of the remaining issues raised. Plaintiffs' Traditional and No Evidence Motion for Summary Judgment (Docket Entry No. 26) is therefore **GRANTED in part** and **DENIED in part**.

**SIGNED** at Houston, Texas, on this 31st day of March, 2017.

												 _____
												 SIM LAKE
												 UNITED STATES DISTRICT JUDGE